Shane P. Coleman
Brianne C. McClafferty
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
Billings, MT  59101-1277
Telephone:  (406) 252-2166
Fax:          (800) 565-7845
Email:  spcoleman@hollandhart.com
          bcmcclafferty@hollandhart.com

Steven Andersen (*pro hac vice*)
Wade Woodard (*pro hac vice*)
Andersen Schwartzman Woodard Dempsey, PLLC
101 S. Capitol Blvd., Suite 1600
Boise, ID 83702
Telephone:  (208) 342-4411
Fax:          (208) 342-4455
Email:  sba@aswdpllc.com
          wlw@aswdpllc.com

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| CLARK CANYON HYDRO, LLC, | ) | No. CV 18-65-BU-BMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| vs. | ) | **SUPPORT OF MOTION TO** |
| | ) | **STRIKE PLAINTIFF'S EXPERT** |
| IDAHO POWER COMPANY, | ) | **REBUTTAL DISCLOSURE** |
| | ) | |
| Defendant. | ) | |

Defendant, Idaho Power Company ("Idaho Power"), by and through its counsel of record, hereby respectfully submits this Brief in Support of its Motion to Strike the Rebuttal Expert Disclosure of Clark Canyon Hydro LLC ("Clark Canyon").

## **INTRODUCTION**

On March 19, 2020, Clark Canyon withdrew all of its experts—retained and non-retained. Declaration of Jennifer Schrack Dempsey ("Dempsey Decl"), Exhibit A (Plaintiff's Second Amended Expert Disclosures, dated March 19, 2020). Then, more than two months later, on May 21, 2020, Clark Canyon "re-designated" two of its retained experts, characterizing the document as "Plaintiff's Rebuttal Expert Disclosure," stating:

> While the subjects of flow rate, energy production, and expected revenue are irrelevant to the issues remaining in the case, [Clark Canyon]…, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, hereby provides notice that it may call its previously designated and already deposed experts Mark Bohn and Don Reading to rebut any of Idaho Power's expert testimony that is not excluded by the Court.

Dempsey Decl, Exh. B. (Plaintiff's Expert Rebuttal Disclosure, dated May 21, 2020)

The disclosure was utterly devoid of any opinions, facts, or other information and materials required by Rule 26(a)(2), leaving Idaho Power (and the Court) to guess about which opinion or which portion of Idaho Power's experts' opinions

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 1

Clark Canyon agreed with or intended to rebut or contradict. It must be stricken. Because Clark Canyon previously withdrew all of its experts, it cannot now recast those experts as "rebuttal." Such machinations do not constitute true rebuttal evidence (and may be considered sandbagging). Moreover, not only does Clark Canyon's disclosure not comply with Rule 26(a)(2), it is untimely. Finally, the fact that Idaho Power may have deposed these witnesses does not provide the substantial justification or establish it is harmless in order to prevent the disclosure from being stricken.

## RELEVANT PROCEDURAL FACTS

On September 30, 2019, Clark Canyon served its Expert Disclosures and identified retained experts Don Reading and Mark Bohn. Plaintiff's Expert Disclosures dated September 30, 2019. Dempsey Decl, Exh. C.  Dr. Reading's report compared revenue streams for Clark Canyon from 2014 and 2017. *Id.*, Exh D. Mr. Bohn opined that Clark Canyon was a "bankable project." *Id.*, Exh E.  Clark Canyon also identified Alina Osorio, Brian Moncik and Jamie Crotin as non-retained experts to offer opinions regarding, among other things, the rate of return required to justify construction and development costs, the bankability of the Project, the viability of the Project under the 2014 ESA rate and the unviability of the Project under 2017 rates. *Id.*, Exh. C.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 2

On February 27, 2020, at the request of Clark Canyon, the parties stipulated to dismissal with prejudice of Clark Canyon's First, Second and Third Claims for Relief. Doc. 62.  On March 3, 2020, the Court entered an order of dismissal with prejudice on those claims. Doc. 64.

On March 5, 2020, Clark Canyon served its First Amended Expert Disclosures. *Id.*, Exh. F. In that disclosure, Clark stated: "as a result of the recent stipulated dismissal of Plaintiff's First, Second and Third Claims for Relief, Plaintiff no longer intends to rely on the opinions of Don Reading and Mark Bohn at trial." *Id.* Clark Canyon also amended its disclosure and identified only Alina Osorio and Brian Moncick as non-retained experts. *Id.*

On March 19, 2020, Clark Canyon served its Second Amended Expert Disclosure, indicating that it "no longer intends to offer any of its previously disclosed expert opinions." Dempsey Decl, Exh G.

On April 16, 2020, Idaho Power served its Expert Disclosures which offered opinions that, among other things, the Project was never viable or economically feasible. Doc 87-1.[1]

---

[1]  Each of the reports provided with Idaho Power's Expert Disclosures are in the record: Doc. 87-2, Doc. 89-2, Doc. 93-2, and Doc. 100-1, Exh. B.

On May 21, 2020, even though Clark Canyon had previously withdrawn Messrs. Reading and Bohn as experts, Clark Canyon served Plaintiff's Rebuttal Expert Disclosure. In that disclosure, Clark Canyon stated "it may call its previously designated and already deposed experts Mark Bohn and Don Reading to rebut any of Idaho Power's expert testimony that is not excluded by the Court." Dempsey Decl, Exh. B.

## ARGUMENT

### A. Plaintiff's Rebuttal Expert Disclosure is Not Proper Rebuttal Evidence.

Fed. R. Civ. P. 26(a)(2)(C)(ii) defines rebuttal experts as those experts who are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." "Rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case." *Ellis v. Corizon, Inc.*, No. 1:15-CV-00304-BLW, 2018 WL 6268199, at *3–4 (D. Idaho Nov. 30, 2018). "Expert reports are not properly considered rebuttal reports where they address anticipated evidence and do not refute unforeseen theories." *Id.* (internal citations omitted).  As stated by the court in *Berthelson v. Nw. Corp., No.*:

> Rebuttal evidence is allowed to permit a litigant to counter new, unforeseen facts brought out in the other side's case. Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief. When a party knows that a

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 4

> contested matter is in the case, yet fails to address it in a
> timely fashion, he scarcely can be heard to complain that
> the trial court refused to give him a second nibble at the
> cherry.

CV 11-115-M-DWM, 2012 WL 1999536, at *1 (D. Mont. June 4, 2012), *quoting,*

*Daly v. Far E. Ship. Co. PLC.,* 238 F.Supp.2d 1231, 1238 (W.D.Wash.2003)

(citations and internal quotation marks omitted), *aff'd sub nom. Daly v. Fesco*

*Agencies NA Inc.,* 108 Fed. Appx. 476 (9th Cir.2004); *see also, SIL-FLO, Inc. v.*

*SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990) (excluding "rebuttal" testimony

that "was really an attempt …to introduce or interpret exhibits more properly part of

its case-in-chief."); *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir.

2008).

In its rebuttal disclosure, Clark Canyon attempts to recast its two case-in-chief

experts as rebuttal experts. However, Clark Canyon cannot reasonably argue that the

issues raised by Idaho Power's experts could not have been foreseen. First, at the

inception of this lawsuit, Clark Canyon claimed damages based on economic losses,

lost operating revenue, lost profits, lost business opportunity and lost time and

convenience. Doc. 9. Thus, it had to know Idaho Power would mount a defense to

these claims by disputing the Project would have ever been viable or "bankable."

Even when Clark Canyon withdrew its experts because it elected to "narrow" its

claims and damages, Clark Canyon should have known that flow data, projected

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S
EXPERT REBUTTAL DISCLOSURE - 5

revenue streams and projected profits would remain relevant to its narrowed claims and reliance damages.   As explained in detail in Idaho Power's Consolidated Opposition to Plaintiffs' Motions to Exclude the Opinions of Ted Sorenson [Doc. 92], Eugene Gemperline, Jr. [Doc. 88], And Michael Sims [Doc. 90], incorporated by reference as if set forth fully herein, Clark Canyon's projections—both regarding revenue and energy—and the viability and economic feasibility of the Project remain squarely relevant to the remaining issues in the case (Doc. 100). While Clark Canyon may have decided to seek only reliance damages, the viability and the economic feasibility of the Project are, and always have been, relevant and probative of Clark Canyon's reasonable reliance, whether Idaho Power—or other involved parties—caused Clark Canyon's damages, and whether Idaho Power is entitled to an offset to any recoverable damages because the Project was not feasible. *Id.*

In sum, designating as rebuttal case-in-chief experts that have been withdrawn does not constitute proper rebuttal testimony.  *Ellis,* 2018 WL 6268199, at *3–4. Because Reading and Bohn are case-in-chief experts, Clark Canyon cannot recast them as rebuttal witnesses.

### B. <u>Even Were Clark Canyon's Rebuttal Expert Disclosure True Rebuttal Evidence (Which It is Not), It Is Fatally Incomplete.</u>

In order for Clark Canyon to present rebuttal expert testimony, it must comply with applicable rules of civil procedure.  Not only was Clark Canyon required to

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 6

provide rebuttal opinion disclosures on or before May 16, 2020 (*see,* Section (C),

*infra*), it was also required to provide written reports for those retained experts that

fully comply with Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 26(a)(2)(D)(ii).  Here,

Clark's Rebuttal Expert Disclosure contains no statement of opinions. It contains no

bases or reasons for any opinions. In sum, it provides no expert opinions at all, much

less any that could arguably be considered rebuttal opinions.

### C. Even Were Plaintiff's Rebuttal Expert Disclosure True Rebuttal Evidence (Which It is Not), It is Untimely.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) requires that any expert

disclosures intended to rebut another party's expert disclosure must be made within

thirty (30) days.[2]  Idaho Power served its Expert Disclosures on April 16, 2020.

Clark Canyon served its Rebuttal Disclosures thirty-five (35) days later on May 21,

2020.  Because Clark Canyon served its rebuttal disclosure more than thirty (30)

days after Idaho Power served its disclosures, it must be stricken as untimely.

---

[2]  The original Scheduling Order set October 11, 2019, as the date by which all parties shall disclose rebuttal experts. (Doc. 13). Later, the Court granted Idaho Power's unopposed Motion to Extend Expert Disclosures and Discovery Cut-Off Deadlines, extending Idaho Power's expert disclosure deadline to April 2, 2020. (Doc. 48). Later, counsel for the parties agreed to extend Idaho Power's expert disclosure deadline to April 16, 2020, to accommodate unforeseen circumstances pertaining to COVID-19. Since the original Scheduling Order, the deadline by which the parties were to designate rebuttal experts has not been extended.  For that reason, Idaho Power relies upon the Federal Rules of Civil Procedure to set the deadline by which Clark Canyon had to designate its rebuttal experts.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S
EXPERT REBUTTAL DISCLOSURE - 7

**D. Fed.R.Civ.Proc 37(c)(1) Requires Clark Canyon's "Rebuttal Expert Disclosure" Be Stricken Because The Disclosure Was Neither Substantially Justified Nor Harmless.**

Pursuant to Rule 37(c)(1), a party who fails to comply with Rule 26(a), including those rules applicable to expert disclosures, may not use that expert witness unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011). "The burden of preventing the sanction, and showing the failure was substantially justified or is harmless is on the party facing the sanction." *Ellis,* 2018 WL 6268199, at \*2 (citations omitted).

a.  Clark Canyon's Disclosure Was Not Substantially Justified.

Clark Canyon argues it re-designated Messrs. Reading and Bohn in rebuttal disclosures in order to hedge against the risk the Court would allow Idaho Power's experts to testify even though, according to Clark Canyon, those opinions are irrelevant. Exh. B; *e.g.,* Doc. 89.  Clark Canyon will argue that, because it narrowed its claims (Doc. 62 and 64) and withdrew its experts (Exh. A), it could not have anticipated that Idaho Power would disclose its own experts.  It will also argue that, because it withdrew its lost profits/revenues claim and only intends to pursue reliance damages, it could not have reasonably anticipated that Idaho Power would

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 8

disclose experts whose opinions involve lost profits and revenue. In sum, Clark Canyon made a tactical decision to withdraw its experts on the bet Idaho Power would follow suit and not designate any experts in response.

Tactical decisions gone awry cannot constitute substantial justification. *Jones v. Koons Auto,., Inc.* No. 09-3362, 2013 WL 3713845, *8 (D.Md. July 15, 2013) (tactical decisions regarding expert disclosures are "not without consequence" and insufficient to establish the requisite "good cause" to extend deadlines); *Wong v. Regents of Univ. of Cali,* 410 F.3d 1052, 1062 (9th Cir. 2005) (no substantial justification where plaintiff made (ultimately incorrect) assumptions about the defendant's approach to the defense of the case); *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 759-760 (8th Cir. 2006) (tactical decisions are not good cause to modify case management orders); *Bruce v. Cty. of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *3 (N.D.N.Y. Oct. 20, 2003) ("litigation strategy and the decision to forego the filing of a motion in the hopes of encouraging settlement are not good cause for an extension of time"); *Whitehead v. Malone*, No. 00 C 7421, 2002 WL 849583, at *4 (N.D.Ill.2002) (holding that litigation strategy is not good cause for failing to serve a complaint and summons and will not extend the time for service); *Downing v. American Airlines, Inc.*, No. 86 CV 3048, 1988 WL 49211 at *1 n.1 (E.D.N.Y.1988) ("litigation strategy cannot be deemed 'good cause.'").

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 9

In sum, Clark Canyon's strategic decision to withdraw its expert cannot now provide the substantial justification required to prevent its "rebuttal" disclosures from being stricken.  Clark Canyon made its decision. It must now live with it.

b.  Clark Canyon's Disclosure Was Not Harmless.

Clark Canyon will argue that its disclosure was harmless because Idaho Power has deposed each of these individuals. Exh. B.  This is true: Idaho Power has deposed each of these witnesses as case-in-chief experts.  However, Idaho Power has no idea what aspects of its expert disclosures Clark Canyon intends to have these "re-designated" experts contradict or rebut.  Clark Canyon's "rebuttal" disclosure contains nothing other than that "it may call its previously designated and already deposed experts… to rebut any of Idaho Power's expert testimony that is not excluded by the Court." Exh. B. This leaves Idaho Power guessing about which opinions, or which aspects of any one opinion, Clark Canyon intends to rebut. This not only directly contravenes the basic purpose of discovery, the Court's Scheduling Order and the Federal Rules of Civil Procedure but also harms Idaho Power's ability to appropriately address any intended rebuttal expert and defend against Clark Canyon's claims. *See Century Indem. Co. v. Marine Grp., LLC,* No. 3:08-CV-1375, 2015 WL 5521986, *6 (citing *Vu v. McNeil-PPC, Inc.* No. CV-09-1656 ODW (Rzx),

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT REBUTTAL DISCLOSURE - 10

2010 WL 2179882 (C.D. Cal. May 7, 2010) (finding belated disclosures is a "hornbook example of sandbagging, a litigation tactic this Court will not tolerate.").

## <u>CONCLUSION</u>

For the reasons set forth above, Clark Canyon's Rebuttal Expert Disclosure must be stricken.

Dated this 5th day of June, 2020.

/s/ Steven B. Andersen
Steven B. Andersen
ANDERSEN SCHWARTZMAN WOODARD
DEMPSEY, PLLC


/s/ Brianne C. McClafferty
Brianne C. McClafferty
HOLLAND & HART LLP

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the word limit of Local Rule 7.1(d)(2)(A) because, excluding the parts of the brief exempted by Local Rule 7.1(d)(2)(E), this brief contains 2524 words.

Dated this 5th day of June, 2020.

*/s/ Steven B. Andersen*
Steven B. Andersen

ATTORNEYS FOR DEFENDANT

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S
EXPERT REBUTTAL DISCLOSURE - 12