# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| CLARK CANYON HYRDO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO POWER COMPANY,<br><br>Defendant. | CV-18-65-BU-BMM<br><br><br><br>**ORDER ON MOTIONS** |

This Order addresses several motions filed by Plaintiff Clark Canyon Hydro, LLC, and Defendant Idaho Power Company. Because the parties are well acquainted with the underlying facts and procedural history, the Court does not recount it here. Clark Canyon filed several motions to exclude Idaho Power's expert opinions. (Docs. 86, 88, 90, 92). Clark Canyon also filed a motion in limine seeking to exclude evidence regarding the technical aspects of the proposed hydroelectric dam's (the "Project") viability and operation. (Doc. 94). Idaho Power filed a motion to strike Clark Canyon's expert rebuttal disclosure. (Doc. 103). Idaho Power also filed a motion to strike prior Idaho Public Utility Commission ("IPUC") decisions and related information. (Doc. 108).

## LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert opinion testimony.  Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evidence 702.

*Daubert* and Rule 702 charge a court with a gatekeeping function to ensure that expert testimony will be relevant and reliable. *Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).  Reliable expert testimony should be based on "the knowledge and experience of the relevant discipline." *United States v. Wells*, 879 F.3d 900, 933-34 (9th Cir. 2018) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)).  A court retains broad latitude in determining both whether an expert has offered reliable testimony and how to determine the testimony's reliability.

*Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).

Expert testimony must be relevant to be admitted. "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). "Rule 702 embodies the 'twin concerns of reliability . . . and helpfulness.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *United States v. Mitchell*, 365 F.3d 215, 234 (3d Cir. 2004)). "[T]he court must determine whether there is 'a link between the expert's testimony and the matter to be proved.'" *Id.* (citing *United States v. Bighead,* 128 F.3d 1329, 1336 (9th Cir. 1997)).

## DISCUSSION

The Court agrees that the contours of the admissibility of certain evidence and testimony will need to be assessed closer to the time of trial. At this time, the Court declines to rule on Clark Canyon's Motion to Exclude the Opinions of Donald Howell (Doc. 86), and Idaho Power's Motion to Strike Prior IPUC Decisions and Idaho Power Comments, and Statements and Arguments Related Thereto. (Doc. 108). The Court addresses the remaining motions below.

Clark Canyon filed motions to exclude the expert opinions of Michael Sim, Ted Sorenson, and Eugene Gemperline.  Idaho Power filed a consolidated response.  (Doc. 100).  Clark Canyon's motions in limine outline three areas of testimony that it would like excluded: (1) evidence of stream flow, expected energy production, and expected revenue; (2) all legal opinions; and (3) Clark Canyon's financial models.  (Doc. 94).

Idaho Power contends that the opinions of these experts remain relevant because a party seeking reliance damages has a right to damages spent on its expenditures made in reliance on a party's promises "less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed."  *Unihan Corp. v. Max Grp. Corp*. No. CV 09-07921 MMM PLAX, 2011 WL 6814044, at *13 (C.D. Cal. Dec. 28, 2011) (citing Rest. (2d) Contracts, §349).  Clark Canyon stated it does not disagree with Idaho Power's recitation of the law, and had filed its motions based on opposing counsel's representation that flow rates were no longer relevant to this case.  (Doc. 106).  During oral argument, counsel for Clark Canyon withdrew motions in limine one and three if opposing counsel was not going to be held to his prior representation.  Therefore, the Court sees no reason to exclude these experts and testimony on the topics in Clark Canyon's motions in limine one and three.  The

4

Court defers ruling on Clark Canyon's second motion in limine regarding legal opinions.

Idaho Power's Motion to Strike Plaintiff's Expert Rebuttal Disclosure requests the Court to strike two of Clark Canyon's retained expert disclosures. Clark Canyon withdrew its experts then later "re-designated" two of its retained experts to rebut expert testimony not excluded by the Court on the subject of flow rate, energy production, and expected revenue. (Doc. 104). Because Idaho Power's expert witnesses will be allowed to testify, Clark Canyon's rebuttal expert witnesses similarly will be allowed to testify and rebut expert testimony presented by Idaho Power. The Court notes that Clark Canyon previously had identified these proposed experts and provided their expert reports at the time of the initial deadline for liability and damages experts. (Doc 104 at 2). No unfair surprise can be had under these circumstances. The Court declines to strike the disclosure based on untimeliness or incompleteness.

Accordingly, it is **ORDERED** that

1. Clark Canyon's Daubert Motions to Exclude the Opinions of Michael Sim (Doc. 90), Ted Sorenson (Doc. 92), and Eugene Gemperline, Jr. (Doc. 88), are **DENIED**.

2. Clark Canyon's First through Third Motions in Limine (Doc. 94) are **DENIED**, in part, and **DEFERRED**, in part, as outlined above.

3. Idaho Power's Motion to Strike Plaintiff's Expert Rebuttal Disclosure (Doc. 103) is **DENIED**.

DATED this 10th day of August, 2020.

_____

Brian Morris, Chief District Judge
United States District Court